**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

MICHAEL P. LOWRY, ESQ.
Nevada Bar No. 10666
E-mail: Michael.Lowry@wilsonelser.com
JONATHAN C. PATTILLO, ESQ.
Nevada Bar No. 13929
E-mail: Jonathan.Pattillo@wilsonelser.com
300 South Fourth Street, 11th Floor
Las Vegas, Nevada 89101-6014
Tel: 702.727.1400/Fax: 702.727.1401
Attorneys for Alfred Matthews III; Ashley Furniture Industries, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NINETTE GAGNON, individually, SHERLI GAGNON, individually;<br><br>Plaintiffs,<br><br>vs.<br><br>ALFRED MATTHEWS III, individually, ASHLEY FURNITURE INDUSTRIES, INC. a Wisconsin Corporation; DOES I through X, inclusive; ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | Case No. 2:19-cv-760<br><br>**Alfred Matthews III and Ashley Furniture Industries, Inc's Petition for Removal** |

Alfred Matthews III and Ashley Furniture Industries, Inc. petition to remove this case to the United States District Court for the District of Nevada from the Eighth Judicial District Court for the State of Nevada. This petition for removal is signed per Rule 11.

Removal is appropriate per 28 U.S.C. § 1441 because diversity jurisdiction is present per 28 U.S.C. 1332. Plaintiffs are Canadian citizens. Mr. Matthews resides in Texas. Ashley Furniture Industries is a Wisconsin corporation, with its principal place of business also in Wisconsin.

The amount in controversy also exceeds $75,000. On April 5, 2019 Sherli Gagnon served supplemental responses to interrogatories that for the first time calculated an income

1

based claim. As to her income loss, she asserted it totaled approximately $40,924, along with her $4,082.81 of medical treatment.[1] As their calculations are seemingly in Canadian dollars, the exchange rate on May 3, 2019 converts Sheri's total damages to $33,305.04 USD.

On April 8, 2019 Ninette Gagnon also served supplemental interrogatory responses. She claims $10,414.68 in medical expenses and $136,081.88 in lost income.[2] When the currency is converted, these damages total $108,407.45 USD. These supplemental discovery responses were the first calculation Defendants received indicating the amount in controversy exceeds $75,000.

In prior cases in this district, the types of injuries and damages allegations Plaintiffs assert have indicated an amount in controversy exceeding $75,000. In *Doelamo v. Karl-Heinz* the defendant argued more than $75,000 was in dispute because plaintiff alleged "approximately $22,000 in past medical damages, and he argues that it is more likely than not that if Plaintiff is successful on his claims for lost wages, future medical damages for his 'permanent' condition(s), past and future pain and suffering, and attorney's fees, he will recover more than $75,000 total in the case." This was sufficient to create subject matter jurisdiction.

> In the Court's experience, a personal injury claim including $22,000 in past medical bills will normally include a plea to a jury for several times this amount in future medical bills, particularly where one alleges a permanent condition related to the injury. The Court can conclude this without even considering pain and suffering, lost wages, or attorney's fees. Considering those measures of damages and fees, as well, it is nearly certain that Plaintiff in reality seeks more than $75,000. The Court has little doubt that Plaintiff will ask the jury to award him more than $75,000, whether in this Court or in state court.

In *Canonico v. Seals* the plaintiff conceded at least $50,000 was in dispute due to past and future medical treatment and property damage.[3] "The remaining question is whether more than $25,000 is at stake in the form of pain and suffering, loss of earning capacity, loss of enjoyment of life, compensatory damages, attorney's fees, and costs. It almost certainly is."

---

[1] ECF No. 1-5 at answers to interrogatories 5 and 7.
[2] ECF No. 1-6 at answers to interrogatories 5 and 7.
[3] No. 2:13-cv-316, 2013 U.S. Dist. LEXIS 60047 (D. Nev. Apr. 25, 2013).

Defendants timely petitioned for removal within 30 days of receiving notice that more than $75,000 is disputed in this matter.  Attached to this petition are copies of all process, pleadings, and orders served upon them in the state court action.

///

DATED this 3rd day of May, 2019.

**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

*/s/ Michael Lowry*
MICHAEL P. LOWRY, ESQ.
Nevada Bar No. 10666
JONATHAN C. PATTILLO, ESQ.
Nevada Bar No. 13929
300 South Fourth Street, 11th Floor
Las Vegas, Nevada  89101-6014
Attorneys for Alfred Matthews III; Ashley Furniture Industries, Inc.

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I certify that I am an employee of Wilson Elser Moskowitz Edelman & Dicker LLP, and that on May 3, 2019, I served **Alfred Matthews III and Ashley Furniture Industries, Inc.'s Petition for Removal** as follows:

☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☒ via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk;

Adam D. Smith, Esq.
Craig A. Henderson, Esq.
ADAM SMITH LAW
2340 Paseo Del Prado, Suite D203
Las Vegas, Nevada  89102
Tel:  702.929.2289/Fax:  702.960.4454
Attorneys for Sheri & Ninette Gagnon

BY: */s/ Michael Lowry*
An Employee of

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28