Electronically Filed
7/17/2018 5:12 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Adam D. Smith, Esq.
Nevada Bar No. 9690
ADAM SMITH LAW
2340 Paseo Del Prado, Suite D203
Las Vegas, Nevada 89102
T:  (702) 929-2289
F:  (702) 960-4454
adam@adamsmithlaw.com
Attorney for Plaintiffs

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| NINETTE GAGNON, individually, SHERLI GAGNON, individually;<br><br>Plaintiffs,<br><br>v.<br><br>ALFRED MATTHEWS III, individually, ASHLEY FURNITURE INDUSTRIES, INC. a Wisconsin Corporation; DOES I through X, inclusive; ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | Case No.:  A-18-777850-C<br>Dept. No.:  Department 22<br><br>**COMPLAINT** |

Plaintiffs NINETTE GAGNON and SHERLI GAGNON ("Plaintiffs") complain as follows:

**<u>GENERAL ALLEGATIONS</u>**

1.      The actions complained of herein occurred in Clark County, Nevada.

2.      The true names and capacities of the Defendants designated herein as Doe or Roe Corporations are presently unknown to Plaintiffs at this time, who therefore sues said Defendants by such fictitious names.  When the true names and capacities of these defendants are ascertained, Plaintiffs will amend this Complaint accordingly.

3.      At all times pertinent herein, Defendants were agents, servants, employees or joint venturers of every other Defendant, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

. . .



4.     On July 23, 2016, Plaintiff NINETTE GAGNON was the operator of a Toyota Prius.

5.     On July 23, 2016, Plaintiff SHERLI GAGNON was a passenger in the Toyota Prius.

6.     Upon information and belief, at the time of the incident described herein, Defendant ALFRED MATTHEWS III was an employee of Defendant ASHLEY FURNTURE INDUSTRIES, INC..

7.     On July 23, 2016, Defendant ALFRED MATTHEWS III negligently operated his vehicle, causing a collision with the Toyota Prius containing Plaintiffs.

8.     As a direct and proximate result of the negligence of Defendants, Plaintiffs sustained serious injuries to their neck, back, bodily limbs, organs and systems, all or some of which condition may be permanent and disabling, and all to Plaintiffs' damage in a sum in excess of $15,000.

9.     As a direct and proximate result of the negligence of Defendants, Plaintiffs received medical and other treatment for the aforementioned injuries, and said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiffs.

10.     As a direct and proximate result of the negligence of Defendants, Plaintiffs have been required to, and has limited occupational and recreational activities, which have caused and shall continue to cause Plaintiffs loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

11.     As a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiffs have been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

12.     Defendant ASHLEY FURNTURE INDUSTRIES, INC. is liable vicariously to Plaintiffs by virtue of the doctrine of *Respondeat Superior* in that Defendant ALFRED MATTHEWS III was acting within the course and scope of employment for Defendant ASHLEY FURNTURE INDUSTRIES, INC. when operating the vehicle on July 23, 2016.

### FIRST CAUSE OF ACTION

### (Negligence)

13.     Plaintiffs incorporate paragraphs 1 through 12 of the Complaint as though said paragraphs were fully set forth herein.

AS

Adam Smith Law

14.     Defendant ALFRED MATTHEWS III owed Plaintiffs a duty of care to operate his vehicle in a reasonable manner.

15.     Defendant ALFRED MATTHEWS III breached this duty of care by, *inter alia*, causing a crash with the Prius containing Plaintiffs.

16.     Defendants' negligence directly and proximately caused Plaintiffs serious injury.

17.     As a direct and proximate result of Defendants' negligence, Plaintiffs received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiffs' damage in a sum in excess of $15,000.  Said services, care, and treatment are continuing and shall continue in the future.

18.     As a direct and proximate result of Defendants' negligence, Plaintiffs have been required to and has limited certain occupational and recreational activities, which have caused, and shall continue to cause, loss of earning capacity, lost wages, and loss of enjoyment of life.

19.     Plaintiffs have been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## SECOND CAUSE OF ACTION

### (Negligence Per Se)

20.     Plaintiffs incorporate paragraphs 1 through 19 of the Complaint as though said paragraphs were fully set forth herein.

21.     The acts of Defendant ALFRED MATTHEWS III as described herein violated the traffic laws of the State of Nevada and Clark County, constituting negligence per se, and Plaintiffs have been damaged as a direct and proximate result thereof in an amount in excess of $15,000.00.

22.     Plaintiffs have been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## THIRD CAUSE OF ACTION

### (Negligent Hiring, Supervision, and Training)

23.     Plaintiffs incorporate paragraphs 1 through 22 of the Complaint as if those paragraphs were fully incorporated herein.

. . .


Adam Smith Law

24.     Defendant ASHLEY FURNITURE INDUSTRIES, INC. sent Defendant ALFRED MATTHEWS III to Nevada knowing he would operate a vehicle whose rental was paid for by Defendant ASHLEY FURNTURE INDUSTRIES, INC.

25.     Defendant ALFRED MATTHEWS III was incompetent, inexperienced, or reckless in the operation of his vehicle.

26.     Defendant ASHLEY FURNTURE INDUSTRIES, INC. knew, or by the exercise of reasonable care should have known, that Defendant ALFRED MATTHEWS III was incompetent, inexperienced, or reckless in the operation of the motor vehicles.

27.     Plaintiffs were injured as a proximate consequence of the negligence and incompetence of Defendant ALFRED MATTHEWS III, resulting from the negligent hiring, supervision, and/or training of Defendant ALFRED MATTHEWS III by Defendant ASHLEY FURNTURE INDUSTRIES, INC.

28.     As a direct and proximate cause of the negligent hiring, supervision, and/or training by Defendant ASHLEY FURNTURE INDUSTRIES, INC., Plaintiffs have been damaged in an amount in excess of $15,000.00.

29.     Plaintiffs have been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### FOURTH CAUSE OF ACTION

### (Respondeat Superior)

30.     Plaintiffs incorporate paragraphs 1 through 29 of the Complaint as if those paragraphs were fully incorporated herein.

31.     Defendant ALFRED MATTHEWS III was acting within the course and scope of his employment while operating his vehicle on July 23, 2016.

32.     Defendant ASHLEY FURNTURE INDUSTRIES, INC. is therefore liable for the negligent actions of Defendant ALFRED MATTHEWS III.

33.     Plaintiffs were injured as a proximate consequence of Defendants' negligence.

34.     As a direct and proximate cause of Defendants' negligence, Plaintiffs have been damaged in an amount in excess of $15,000.00.



4

1        35.    Plaintiffs have been required to engage the services of an attorney, incurring attorney's

2   fees and costs to bring this action.

3       WHEREFORE, Plaintiffs pray for relief as follows:

4       1.    For general damages sustained by Plaintiffs in an amount in excess of $15,000;

5       2.    For special damages sustained by Plaintiffs in an amount in excess of $15,000;

6       3.    For reasonable attorney's fees and costs;

7       4.    For interest at the statutory rate; and

8       5.    For such other relief as the Court deems just and proper.

9                   ADAM SMITH LAW

10

11            By:   /s/ Adam D Smith

                  Adam D. Smith, Esq.

12                    Nevada Bar No. 9690

                  2340 Paseo Del Prado, Suite D203

13                    Las Vegas, Nevada  89102

                  Attorney for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

